IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN CATALDI and : <br> ANNE MARIE CATALDI, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> NEW YORK COMMUNITY BANK On : <br> Behalf of Federal Deposit Insurance : <br> Corporation As Receiver For AmTrust : <br> Bank, : <br> : <br> Defendant. : | CIVIL ACTION NO. <br> 1:13-CV-3972-RWS-JSA |

**O R D E R**

**I.   BACKGROUND**

This is the third action that has been brought before this Court involving Plaintiffs' challenges to the foreclosure of their residence in Sugar Hill, Georgia. Plaintiffs first sued on December 27, 2011, through counsel, in the Superior Court of Gwinnett County. That case was removed to this Court by Defendants on January 27, 2012. *See Cataldi v. First Disc. Mortg., et al.*, 1:12-CV-00293-RWS, Doc. 1 ("*Cataldi I*"). On July 31, 2012, the undersigned dismissed the case for failure to state a claim. *See id.*, Doc. 7. Plaintiffs then sued again in Gwinnett County Superior Court, this time *pro se*, on September 4, 2012. Defendants yet again removed the case to this Court on October 4, 2012. *See Cataldi v. N.Y. Cmty. Bank*, No.

1:12-CV-3467-RWS-JSA, Doc. 1 ("*Cataldi II*").  On July 8, 2013, the undersigned adopted the Report and Recommendation of U.S. Magistrate Judge Justin S. Anand and thereby dismissed *Cataldi II*, in part based on *res judicata*.  *Id.*, Doc. 9.

This action followed.  On October 29, 2013, Plaintiffs filed a pleading styled as "Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction" in the Superior Court of Gwinnett County, Georgia, relating to the same property and mortgage loan ("*Cataldi III*").  Defendants again removed to this Court [Doc. 1-1].  No Complaint is pending although the parties appear to have treated the Verified Emergency Petition as the operative pleading in the case.

Before removal, the Gwinnett County Superior Court granted a temporary injunction.  That temporary relief has since expired.  Thus, on January 31, 2014, Plaintiff filed a "Motion for Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction to Halt Foreclosure Action Against Plaintiff By Defendant On February 4, 2013." [Doc. 16].  The Motion alleges that the parties have been in loan modification negotiations but that Defendants have failed to deal in good faith and have violated federal regulations.  Defendants are apparently now seeking foreclosure again, and Plaintiffs thus now move to enjoin the foreclosure scheduled for February 4, 2014.

2

## II.   DISCUSSION

The purpose of a temporary restraining order is to preserve the status quo until the court issues a decision on the merits of the action. *United States v. DBB, Inc.*, 180 F.3d 1277, 1282 (11th Cir.1999). A plaintiff requesting a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure must establish that: (1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if relief is not granted, that is, there is no adequate remedy at law; (3) the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) the entry of the requested relief would serve the public interest. *Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir.2007); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir.2005). The decision to grant or deny a temporary restraining order "is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion." *Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1246 (11th Cir.2002) (*quoting Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir.2002)) (internal quotation marks omitted).

The Court finds that Plaintiff has failed to establish that he has a substantial likelihood of success on the merits. Plaintiff makes a series of statements regarding Defendants' alleged wrongdoing in connection with the negotiation of a loan modification and subsequent foreclosure activities after those negotiations apparently

failed. *See* Motion [16] at 3-12.  The Motion, however, constitutes an indecipherable series of legal conclusions along with dates and some descriptions of communications between the parties.  These are "shotgun" allegations, as they make it impossible for the Court to precisely and efficiently identify and analyze the issues Plaintiff presents.  This defect alone is fatal to Plaintiffs' showing of success on the merits. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) (the Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings, because such pleadings "wreak havoc on the judicial system."); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).

To the extent the Court can discern Plaintiff's substantive legal grounds, they appear to be based on (a) alleged violations of the Fair Debt Collections Practices Act, for misleading Plaintiffs into believing that Defendants would negotiate a modification in good faith, for not properly responding and not ceasing foreclosure while debt validation requests were pending, and other violations;  (b) alleged violations of the "Dodd-Frank Wall Street Reform Act and Consumer Protection Act," for not fairly offering and negotiating loss mitigation options, for engaging in "dual

track" foreclosure, and other things; and (c) for wrongful foreclosure for making misstatements during the foreclosure process.[1]

Plaintiffs' Fair Debt Collections Practices Act claim is inapposite to this motion for preliminary injunctive relief, because "equitable relief is not available in private actions under the FDCPA." *Hennington v. Greenpoint Mortg. Funding, Inc.*, Civil Action Nos. 1:09–CV–00676–RWS, 1:09–CV–00962–RWS, 2009 WL 1372961, at *6 (N.D.Ga. May 15, 2009). The gravamen of the "Dodd-Frank" claim is that Defendants have not offered and negotiated loan modifications in good faith and have engaged in foreclosure while leading Plaintiffs to believe they were being considered for loan modification. This claim appears to be based on a new regulation enacted by the Consumer Financial Protection Bureau ("Regulation X," 12 C.F.R. § 1024.41). This regulation can be privately enforced under Section 6(f) of the Real Estate Settlement Procedures Act (12 U.S.C. 2605(f)), *see* 12 C.F.R. § 1024.41(a). Much like the FDCPA, however, Section 6(f) of RESPA also only allows suits for damages and costs, not injunctive relief. Therefore, this claim is also inapposite to a request for preliminary injunctive relief.

---

[1] The Court will assume for purposes of this analysis that the claims in *Cataldi III* are not barred by *res judicata.*

5

Moreover, "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). The facts alleged by Plaintiffs establish that Plaintiffs and Defendants have been in modification negotiations, that one or more modifications were offered, that Plaintiffs have not agreed to the offered modifications, and that foreclosure notices only issued after the modification was denied. *See, e.g.,* Motion [16] at p. 7-9. Plaintiffs allege that the offer was inadequate and in fact a "blatant fraudulent attempt" at "illegal[] exort[ion]." *Id.* But Plaintiffs fail to allege any fraud with the particularity required by law and fail to state any facts showing a likelihood of success with regard to the allegation that Defendants' offer of a modification violated any legal duty under Regulation X or otherwise.[2]

In sum, Plaintiffs fail to establish any likelihood of success at least on any claims for which equitable relief is available.

Finally, under Fed.R.Civ.P. 65, the Court may not issue a temporary restraining order unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully

---

[2] Plaintiffs' Wrongful Foreclosure claim appears premised on the same basic alleged facts, that is, the Defendants' decision to proceed with foreclosure in the wake of load modification attempts that Plaintiffs allege were faulty. This claim, therefore, fails for the same reasons.

6

enjoined or restrained." Fed. R. Civ. P. 65(c).  Plaintiff has not offered to tender any amount as security for a TRO and the Court may not enter a TRO pursuant to Rule 65 without that security.

### III. CONCLUSION

For all the reasons stated above, Plaintiff's Motion [16] is **DENIED**.

**IT IS SO ORDERED** this 3rd day of February, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE